## S. E. Rowe v. The State.

### No. 9335.    Delivered October 28, 1925.

**Theft of an Automobile—Argument of Counsel—Held, Not Reversible Error.**

Where on a trial for theft of an automobile counsel for the state in his argument to the jury stated: "You cannot afford to turn this defendant aloose because he has stolen cars all over this country." Appellant not having requested a special charge withdrawing same from the jury, and the qualification of the court to appellant's bill, stating that such argument was invited by counsel for appellant, no error is presented, and the evidence being sufficient to support the verdict, the cause is affirmed.

Appeal from the District Court of Shackelford County. Tried below before the Hon. W. R. Ely, Judge.

Appeal from a conviction of theft of an automobile; penalty, two years in the penitentiary.

The opinion states the case.

*C. P. Rogers* and *W. J. Cunningham,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the district court of Shackelford County for the offense of theft of an auto- mobile and his punishment assessed at two years confinement in the penitentiary.

The record contains but one bill of exception and this was taken to the following argument of the district attorney:

"Gentlemen of the Jury, you cannot afford to turn this defendant aloose because he has stolen cars all over the country."

The bill shows that appellant's objection was sustained by the court and the court verbally instructed the jury not to consider said remarks, and the record fails to disclose that appellant offered any charge in writing, instructing the jury not to consider these re- marks. The court qualifies the bill by further stating that the district attorney was answering the statement of counsel for appel- lant, and the remarks made by State's counsel were invited by counsel for appellant. The appellant accepted this bill of exceptions with the court's qualification as above stated, attached thereto and is bound by the same. In this state of the record, we perceive no re- versible error in regard to this matter.

In his brief, appellant contends that he cannot be legally con- victed on his purported confession without other facts and circum- stances of corroboration. A careful examination of the statement of facts fully convinces us that appellant's statement made while in jail to the prosecuting witness was cogently and substantially corroborated by other testimony in the record. Tht statement of facts shows that the car was stolen on or about the 19th day of De- cember, 1922, in Albany, Shackelford, County, Texas, and that there- after the appellant while in jail at Graham told the prosecuting wit- ness that he had sold the car to John Hook, who lives two miles east of Lockhart in Caldwell county, and the prosecuting witness further testified that he went to Lockhart and conferred with the sheriff and found the car and that Mr. Hook drove it into town and turned it over to him and when he found this car, the highway mem- bers that were on the car when it was taken from his possession were

not then on it, and that the motor number had been changed. The witness, Hook, testified that appellant sold him this car at Lockhart in January, 1923. We think this evidence is amply sufficient to warrant the jury in believing that appellant stole this car in Albany in December, 1922, and sold it in Lockhart in January, 1923.

The evidence being amply sufficient to support the verdict and there being no errors manifested by the record, it is our opinion that the judgment should in all things be affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.